**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DANIEL DEAN DOWNING,
                   Appellant,

          v.

OFFICE OF PERSONNEL
     MANAGEMENT,
                   Agency.

DOCKET NUMBER
CH-0841-18-0074-I-1

DATE: May 8, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel Dean Downing, La Salle, Michigan, pro se.

Alison Pastor, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his retirement appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant applied for retirement benefits under the Federal Employees' Retirement System (FERS) in September 2017.  Initial Appeal File (IAF), Tab 4 at 1, 3.  In October 2017, the Office of Personnel Management (OPM) sent him a personalized booklet describing his monthly benefit and providing other "essential information" regarding his retirement benefits.  *Id.* at 3-18.  On November 15, 2017, he filed a Board appeal arguing, among other things, that his employing agency and OPM discriminated against him and erred in calculating his service computation date and high-3 average salary.[2]  IAF, Tab 1.

In a show cause order, the administrative judge advised the appellant that the Board generally lacks jurisdiction over a retirement matter when OPM has not issued a final decision and ordered him to file evidence and argument on the

---

[2] The appellant's initial appeal also alleged that his employing agency forced him to retire, and the Board's regional office separately docketed an involuntary retirement appeal.  IAF, Tab 1, Tab 3 at 1; *Downing v. Department of the Interior*, MSPB Docket No. CH-0752-18-0073-I-1.

jurisdictional issue. IAF, Tab 3 at 1-2. In response, the appellant appeared to argue, among other things, that the personalized booklet constituted a final decision. IAF, Tabs 4-5. OPM moved to dismiss the appeal for lack of jurisdiction, stating that the appellant had not raised any issues with OPM prior to filing his Board appeal and that it had not issued an initial or a final decision. IAF, Tab 7.

¶4 Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). She found that the appellant had not shown that OPM issued an initial or a final decision or that it improperly denied him such a decision. ID at 4-5. She further found that, absent an otherwise appealable action, she lacked jurisdiction to consider the appellant's allegations of age and disability discrimination. ID at 5.

¶5 The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 5.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Under 5 U.S.C. § 8461(e)(1), the Board has jurisdiction to review "[a]n administrative action or order affecting the rights or interests of an individual" under FERS. The Board has recognized the following three situations in which OPM is deemed to have issued an appealable decision under the statute: (1) when OPM issues a reconsideration decision under 5 C.F.R. § 841.306; (2) when OPM issues an initial decision

---

[3] With this petition for review, the appellant has submitted another copy of the personalized benefits booklet. PFR File, Tab 1 at 4-26. This document is already in the record and, therefore, is not new and material evidence. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); IAF, Tab 4 at 5-21.

without reconsideration rights under 5 C.F.R. § 841.307; and (3) when OPM has refused or improperly failed to issue a final decision. *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014).

¶7 On review, the appellant argues again that OPM issued a final decision when it provided him the personalized benefits booklet in October 2017. PFR File, Tab 1 at 1-2; IAF, Tab 4 at 5-21. Although the personalized booklet contains OPM's calculations regarding the appellant's retirement benefits, it does not constitute a final decision under OPM's regulations because it does not contain written notice of the appellant's right to appeal to the Board. *See* 5 C.F.R. § 841.306(e) (providing that a final decision under this subsection must contain, among other things, "notice of the right to request an appeal provided in § 841.308"), 841.307 (providing that an initial decision without reconsideration rights under this subsection must "state the right to appeal under § 841.308"). Thus, as the administrative judge correctly found, the appellant has not shown that OPM issued an appealable final decision.

¶8 The appellant does not challenge the administrative judge's determination that OPM has not improperly failed to issue an initial or a final decision, PFR File, Tab 1, and we discern no basis to disturb this finding. As noted above, the appellant applied for retirement in September 2017 and filed the instant Board appeal in November 2017. IAF, Tabs 1, 4. There is no indication that he contacted OPM regarding the matters raised in this appeal before filing it or that OPM refused to issue an initial or a final decision. Accordingly, there is no basis for the Board to assert jurisdiction over this appeal in the absence of a final decision. *Cf. Okello*, 120 M.S.P.R. 498, ¶¶ 15-16 (finding Board jurisdiction over a retirement appeal when OPM failed to issue a final decision despite the appellant's repeated requests for such a decision over the course of 6 years).

¶9 The appellant additionally argues on review that the administrative judge's "premature dismissal" of his appeal "raises an issue of possible bias." PFR File, Tab 1 at 5. There is a presumption of honesty and integrity on the part of

administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). Here, the appellant's mere disagreement with the administrative judge's decision in this case falls well short of the substantial showing required to establish bias. *See id.*

¶10 The appellant also moves for discovery of certain correspondence between himself, OPM, and his employing agency. PFR File, Tab 1 at 5. In a November 20, 2017 acknowledgment order, the administrative judge notified the parties of their opportunity to engage in discovery and allowed them to initiate discovery within 30 days of the order. IAF, Tab 2. There is no indication that the appellant initiated discovery within that timeframe or that he filed a motion to compel regarding any deficient responses from OPM. Thus, having failed to avail himself of the Board's procedures below, he is not entitled to engage in discovery or to obtain documents on review. *See Sanderson v. Office of Personnel Management*, 72 M.S.P.R. 311, 317 (1996), *aff'd*, 129 F.3d 134 (Fed. Cir. 1997) (Table).

¶11 Lastly, the appellant moves that, if the Board finds that OPM has not issued a final decision, we stay proceedings to allow OPM additional time to issue one. PFR File, Tab 1 at 5. As discussed above, however, the Board lacks jurisdiction over this appeal, and we decline to hold it in abeyance pending a final decision by OPM. As correctly noted by the administrative judge, the appellant may file a new Board appeal, if he wishes, once he receives OPM's final decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      /s/ for
             Jennifer Everling
             Acting Clerk of the Board

Washington, D.C.